Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.

---

TORRUELLAS, DEMANDANTE Y APELADA, *v.* FERRER, DEMANDADA, Y COLÓN, ADMINISTRADOR JUDICIAL, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en procedimiento sobre aprobación de cuentas de un administrador judicial en pleito sobre cobro de pesos.

No. 1624.—Resuelto en noviembre 30, 1917.

ADMINISTRACIÓN JUDICIAL — APROBACIÓN DE CUENTAS — ÁRBITROS — DECISIÓN SOBRE TODA LA CONTROVERSIA.—Cuando en un procedimiento sobre aprobación de cuentas de un administrador judicial la corte nombra un árbitro, no para que decida el caso sobre ''toda la controversia'' según el artículo 210 del Código de Enjuiciamiento Civil, sino para que investigue los hechos y emita un dictamen con sus recomendaciones; y el administrador no toma excepción del dictamen del árbitro, que, aun cuando halló probado entre otras cosas el saldo reclamado con arreglo a copias sustitutas de las cuentas rendidas, declinó considerar la cuestión de la aprobación o desaprobación de dichas cuentas, sino que lo consiente tácitamente al acudir a la corte solicitando se dicte sentencia, no puede sostenerse que la corte carecía de facultades para dictarlas no aprobando las cuentas presentadas.

ID.—ID.—PRESUNCIÓN POR FALTA DE OPOSICIÓN—NEGLIGENCIA.—No puede relevarse a un administrador judicial de bienes inmuebles embargados, de acuerdo con la antigua Ley de Enjuiciamiento Civil, que ha dormido sobre sus derechos por más de 13 años desde que el demandante desistió del pleito y fueron presentadas las cuentas y comprobantes de la administración, y después de extraviadas éstas, de las consecuencias naturales de su própia lata culpa (*gross laches*), con una simple moción interesando la aprobación de sus cuentas, basada sola y exclusivamente en la teoría de una presunción técnica en su favor que surge de la facultad del demandante en un pleito antiguo de hacer oposición en tiempo hábil a dichas cuentas. *Vigilantibus et non dormientibus jura subveniunt.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Hernández López.*

Abogado de la apelada: *Sr. Francisco Parra.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el 1895 en un pleito seguido contra la Sucesión de Don Carlos Pagés y Maristani en cobro de la suma de 8,000

pesos, fué nombrado Don Ovidio Colón administrador. judicial de ciertos inmuebles embargados.

En el 1900 se exigió a Colón presentase sus cuentas, lo que verificó mostrando, a más de otra deuda, un saldo a su favor de algo más de 5,500 pesos. La corte ordenó se uniesen a los autos las cuentas, habiéndose notificado al abogado de la demandante.

En el 1901 la demandante obtuvo permiso, previa moción al efecto, para desistir del pleito, levantándose el embargo trabado.

Aparentemente no se dió ningún paso ulterior por ninguna de las partes interesadas hasta el 1914 en que Colón presentó una moción haciendo constar los antecedentes y solicitando se dictase una orden resolviendo lo que se estimase oportuno en bien de la justicia.

La corte, fundada en la facultad que le confiere el artículo 205 del Código de Enjuiciamiento Civil, dictó la siguiente orden:

"La corte, después de haber oído en sesión pública dicha moción y la oposición que a ella hiciera el abogado Señor Parra. Capó, en representación de Doña Asunción Torruella Rivera, y después de considerar debidamente los alegatos de ambas partes, en cuanto a la cuestión previa, o sea, si ha caducado o no la instancia en dicho procedimiento, para pedir la aprobación de las cuentas del administrador judicial; *resuelve,* por la presente, que en este caso no son de aplicación los artículos 410 y 419 de la Ley de Enjuiciamiento Civil española respecto a la caducidad de la instancia, y, por tanto, que el Administrador Judicial Ovidio Colón Zayas tiene derecho a pedir el arreglo final de sus cuentas como administrador en dicho pleito. Al mismo tiempo, y para poder resolver la moción en sus méritos tratándose, como se trata, del examen de largas cuentas, siendo necesario conocer la liquidación final para poder resolver sobre su aprobación o no aprobación; y debido al abundante trabajo en los asuntos corrientes de esta corte que no han permitido ni permiten al juez de la misma, personalmente, estudiar dichas cuentas para resolver lo que se interesa: la corte cree firmemente que en este caso procede nombrar un árbitro para examinar dichas cuentas y hacer la liquidación de las mismas, presentando, después, su dictamen

a la corte, para ésta resolver sobre la aprobación de las mismas. *Por tanto:* de acuerdo con el párrafo segundo del artículo 205 del Código de Enjuiciamiento Civil, la corte, por la presente, dispone un arbitraje para los fines arriba indicados y ordena se notifique esta resolución a las partes interesadas, o a sus abogados, requiriéndoles, al mismo tiempo, para que, si vieren convenirles, propongan a la corte el nombre de alguna o algunas personas para de entre ellas elegir la que haya de nombrarse como árbitro para el arreglo y liquidación de dichas cuentas.   Una vez elegido y nombrado dicho árbitro, deberá prestar el juramento de desempeñar bien y fielmente su cometido y luego se le entregarán por el secretario, todas las cuentas y antecedentes y documentos relacionados con las mismas, que se encuentren unidas a los autos o en el archivo de esta corte; pudiendo dicho árbrito oir a las partes, si fuere necesario, para la mejor liquidación de dichas cuentas, y debiendo presentar su decisión por escrito a la corte, dentro de los veinte días después de haber llegado a la liquidación de dichas cuentas, con el correspondiente informe.''

El informe del árbitro contiene 18 resultancias de hechos específicos, y las siguientes conclusiones de derecho:

''1º. La autenticidad de la copia de cuentas generales admitida para sustituir: primero, el trozo de cuenta parcial perdido, y segundo, el original de la cuenta general también perdido; ha sido verificada de acuerdo con el artículo 87 de la Ley de Evidencia, por *affidavit* del administrador don Ovidio Colón Zayas, que fué el que entendió en y ordenó la confección de dichas cuentas.   2º. La admisibilidad de dicha copia para los dos objetos de sustitución indicados se basa en el artículo 344 del Código de Enjuiciamiento Civil.   3º. El abogado de don Juan Estapé y doña Asunción Torruella, presentó al árbitro las siguientes alegaciones contenidas en el escrito marcado '*Exhibit* Número uno,' (*a*) que el árbitro no debe considerar las cuentas existentes hasta que el señor Colón no cumpla la orden del juez sobre presentación de cuentas completas con todos sus comprobantes necesarios; (*b*) que aun considerando las existentes el árbitro no debe tomar acción sobre ellas hasta que no se completen; (*c*) que no se pueden aprobar cuentas sin los debidos comprobantes y en los autos no existen; pues los que se alegan como tales, no lo son.   Las dos primeras alegaciones han sido desestimadas por haber llegado el árbitro a la conclusión contenida en el hecho número 'doce' de este informe.   La tercera alegación ha sido desestimada por no estar dentro de las facultades del árbitro la aprobación de las cuentas.

Y en cuanto a la suficiencia de los comprobantes existentes, en vista de los *affidavits* marcados con los números 2, 3 y 4 los cree el árbitro suficientes, siendo de aplicación el artículo 7 del Código Civil.'"

El resultando o hecho 12°. a que se refiere el árbitro como fundamento para desestimar las dos primeras alegaciones de oposición que aparecen del *"Exhibit* No. 1," dice así:

"12°. No existen en los autos estas cuentas generales ni sus comprobantes, pero en vista de las precedentes constancias oficiales y falta de prueba en contrario, el árbitro llega a la conclusión de que dichas cuentas finales fueron presentadas con sus comprobantes y que se han perdido."

El presente recurso de apelación se ha interpuesto contra una orden de la corte negándose a aprobar las cuentas, la cual reza en parte como sigue:

"La corte, después de haber estudiado detenidamente este caso, todos los antecedentes del mismo que ha podido encontrar, y todas las actuaciones que en el mismo se han llevado a cabo, es de opinión que no existen comprobantes suficientes para que la corte pudiera dictar una resolución aprobando las cuentas que interesa el compareciente Ovidio Colón Zayas, por no haberse presentado a la consideración del árbitro, ni de esta corte, todos los comprobantes, libros de contabilidad y demás documentos, libretas o papeles en los cuales pudiera haberse hecho constar la marcha de dicha administración; por lo que la corte en definitiva resuelve lo siguiente: Que no debe aprobar, y por la presente no aprueba las referidas cuentas presentadas por el Administrador Ovidio Colón y Zayas, quedando las partes en libertad de ejercitar su derecho, si alguno tuvieren, en el tiempo, forma, vía y corte correspondientes.'"

Se han señalado los errores que siguen:

"La resolución de la corte es contradictoria e incongruente y no guarda relación, ni es conforme con las resultancias de hecho y conclusiones de derecho formuladas por el árbitro en su informe o decisión, y en tal concepto dicha resolución apelada infringe las disposiciones del Capítulo IV, Título IX del Código de Enjuiciamiento Civil y especialmente los artículos 205, 206, 209, 210 y 211 de dicho Código de Enjuiciamiento Civil.

"Comete error del derecho la corte de distrito en su resolución

apelada, al no aplicar debidamente los preceptos de la Ley de Enjuiciamiento Civil española aplicables al caso, que rigió para las islas de Cuba y Puerto Rico, aprobada por Real Decreto de 1885.''

El argumento del apelante respecto al primer error alegado se basa principalmente en lo preceptuado en el artículo 210 del Código de Enjuiciamiento Civil, que dispone: ''La decisión arbitral sobre toda la controversia deberá prevalecer como decisión de la corte, y presentada que fuere al secretario de la misma, se procederá a dictar sentencia de igual modo que si el pleito hubiera sido juzgado por la corte''; y deja de observar por completo el hecho de que no se hizo referencia en este caso respecto a ''toda la controversia.'' Aun cuando la·aludida orden contiene algunas vagas expresiones que podrían dar lugar a argüir sobre este particular, sin embargo, tomada en su totalidad, plenamente demuestra que la idea que tuvo *in mente* el juez fué la de que se investigasen los hechos y se emitiese un dictamen con sus recomendaciones. Así lo entendió el árbitro, halló probado entre otras cosas el saldo de la suma que se le adeudaba al apelante con arreglo a las copias sustitutas de las cuentas rendidas en 1900, y expresamente declinó considerar la cuestión de la aprobación o desaprobación de dichas cuentas. El apelante no tomó excepción alguna a esta decisión (*ruling*) sino que tácitamente la consintió al acudir a la corte solicitando se dictase sentencia. La decisión de la corte no pone en tela de· juicio la autenticidad o admisibilidad de las copias sustitutas de las cuentas extraviadas, ni las resultancias de hecho a que llegó el árbitro respecto al saldo que resultó en favor del apelante de la faz de dichas copias. Es cierto que el árbitro expresa una opinión desnuda de fundamentos respecto a la suficiencia de ciertos *affidavits* en lugar de los comprobantes extraviados, pero él hace esto incidentalmente, inmediatamente después de declinar por falta de autoridad para considerar los méritos de la única cuestión envuelta en este caso que pudiera girar sobre este

punto. La corte de distrito a la luz de los hechos estimados por probados y conclusiones de derecho sometidas por el árbitro sencillamente resolvió sobre los méritos de la controversia, cuya decisión se había reservado por completo en la orden de referencia, la que cuidadosamente evadió el árbitro que comprendió claramente el alcance de sus facultades. Dadas las circunstancias del caso, la cuestión planteada por el apelante de que la corte carecía de facultades para hacer lo que hizo no puede sostenerse.

Se arguye, bajo el segundo motivo de error, que los dos principios fundamentales que informan los artículos 1012 al 1014, ambos inclusives, de la Ley de Enjuiciamiento Civil española, son: primero, que si no se hiciere oposición a las cuentas, serán éstas aprobadas, y, segundo, que si fueren impugnadas en tiempo hábil, se sustanciará la impugnación por los trámites establecidos para los incidentes. Los artículos en que descansa su teoría rezan como sigue:

"Art. 1012.—Todas las cuentas del administrador, inclusa la final, serán puestas de manifiesto a las partes en la escribanía, cuando cese en el desempeño de su cargo, por un término común, que el juez señalará según la importancia de aquéllas.

"Art. 1013.—Pasado dicho término sin hacerse oposición a las cuentas, o al desestimar los reparos que se hubieren alegado, el juez dictará auto aprobándolas, y declarando exento de responsabilidad al administrador. En el mismo auto el juez cancelará la hipoteca que el administrador hubiere constituído, o mandará devolverle la fianza que hubiere presentado.

"Art. 1014.—Si las cuentas fueren impugnadas en tiempo hábil, se sustanciará la impugnación con el cuentadante por los trámites establecidos para los incidentes.

"Contra el auto que ponga término al incidente de cuentas, procederá la apelación en ambos efectos. Contra el que pronuncie la Audiencia se dará el recurso de casación."

Haya o no prescrito el derecho del administrador para pedir, mediante moción al efecto, la aprobación de sus cuentas, según lo ha sugerido la apelada, formen o no, según

arguye el apelante, las cuentas que se le adeudan a un administrador judicial de una finca embargada que se le hayan irrogado con ocasión y durante dicha administración, parte de las costas del pleito desistido con las costas al demandante, y como tales no comprendidas dentro del estatuto de prescripción—constituya o no "tiempo hábil" para la interposición de la oposición un período razonable o indefinido de tiempo,—empiece o no a contarse el término para la indicación de la oposición desde la fecha en que se presentaron las cuentas y se dió traslado de las mismas a la parte contraria, o desde la fecha en que se dicte una orden por la corte fijando "un plazo común para todos" (orden que no llegó a dictarse ni a pedirse en este caso), no estamos dispuestos a sostener que el apelante después de haber dormido sobre sus derechos, si algunos hubo tenido, por más de 13 años desde que se abandonó el pleito en el que se le nombró administrador, y después de haberse extraviado tanto las cuentas que él mismo presentara con anterioridad al desistimiento y los comprobantes que se alegan ser justificativos de dichas cuentas, pueda relevársele de las consecuencias naturales de su propia lata culpa (*gross laches*) con una simple moción interesando la aprobación de sus cuentas basada sola y exclusivamente en la teoría de una presunción técnica en su favor que surge de la facultad del demandante en un pleito antiguo de hacer oposición en tiempo hábil a dichas cuentas. *Vigilantibus et non dormientibus jura subveniunt.*

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.